# IN THE COURT OF APPEALS OF IOWA

No. 19-1623
Filed January 21, 2021

**SECURA INSURANCE, A Mutual Company,**
    Plaintiff-Appellee,

**vs.**

**BLACK'S HERITAGE FARM, INC., BLACK'S ENTERPRISES, INC., DUANE BLACK, NORINE BLACK, CHAD BLACK,**
    Defendants-Appellants,

**and**

**GERALD BICE and OLD SCHOOL RENOVATIONS, LLC,**
    Defendants.
_____

        Appeal from the Iowa District Court for Story County, James C. Ellefson,

Judge.


        Defendants appeal the district court's determination they are not entitled to

a defense under the policy of liability insurance.  **AFFIRMED.**


        William W. Graham and Elissa M. Holman (until withdrawal) of Duncan,

Green, P.C., Des Moines, for appellants.

        Michael S. Jones of Patterson Law Firm, L.L.P., Des Moines, for appellee.


        Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**BOWER, Chief Judge.**

Black's Heritage Farm, Inc., Black's Enterprises, Inc., Duane Black, Norine Black, and Chad Black (collectively "the Blacks") appeal a district court summary judgment ruling that Secura Insurance (Secura) had no duty to indemnify or defend the Blacks in a suit brought by Gerald Bice and Old School Renovations, LLC (collectively "the Tenants"). The Blacks did not preserve error on their theory of coverage and, therefore, we affirm.

### I. Background Facts & Proceedings

The Blacks owned property on both the east and west side of 530th Avenue outside of Ames. The Blacks lived at 26156 530th Avenue, the property on the east side of the road. The property at 26107 530th Avenue, on the west side of the road, had several buildings the Blacks rented to other persons.

In April 2018, the Tenants occupied a building on the Blacks' rental property with equipment, tools, and other possessions stored in the building. The Blacks kept a pile of trees, wood, and mulch ("woodpile land") approximately 100 feet south of the building used by the Tenants. A fence separated the woodpile area from the Tenants' building.[1] This woodpile had reportedly been smoldering since December 2017.

On April 30, 2018, a fire consumed the Tenants-occupied building and the Tenants' possessions on the rental property, as well as a pile of timber the Blacks had been storing between the building and the woodpile land. An investigation

---

[1] Duane Black submitted an affidavit the woodpile land was a separate piece of property, vacant land, and not held for development. Secura's argument treats the rental property and woodpile land as a single property. Nothing in the record indicates the woodpile land had a separate address from the rental property.

identified the smoldering woodpile as the probable cause of the fire. The Tenants filed suit against the Blacks for damages alleging, among other things, that the Blacks "had exclusive control and management over . . . the burning woodpile(s) that was on said property" and the fire "would not have occurred if [the Blacks] had taken ordinary and reasonable care in the control and management of the burning woodpile(s)."

The Blacks had a farm insurance policy with Secura for forty acres of land located at 26156 530th Avenue ("insured property"), on the east side of the road and across from the rental property.[2] The policy includes the owner-occupied house, outbuildings, and farm personal property. The "named insured" on the policy is Black's Heritage Farm. The Blacks did not maintain a separate insurance policy for the rental property or woodpile land.

Secura initially provided the Blacks with defense counsel in the Tenants' suit subject to a reservation of rights. In November, Secura filed a petition for declaratory judgment to determine its rights and responsibilities under the policy. In June 2019, Secura filed a motion for summary judgment, asserting the Tenants' property damage was excluded or otherwise not covered by the insurance policy and that Secura had no duty to defend the Blacks.

Following an unreported telephonic hearing, the district court granted Secura summary judgment, determining: (1) the fire did not arise from the insured

---

[2] The Blacks had allowed a separate commercial liability policy for the insured property to lapse in early 2017. There is no evidence in the record of any insurance policy listing the rental property or the woodpile land as insured.

premises and was not covered under the policy, and (2) Secura had no duty to defend the Blacks against the Tenants' claims.

The Blacks appeal, asserting the woodpile land was part of the insured premises, the damages should be covered, and Secura has a duty to defend them in the Tenants' lawsuit.

## II. Insurance Policy

The insurance policy at issue is a "Farmowners protector" policy, covering forty acres, an owner-occupied house, and three outbuildings at 26156 530th Avenue.  The policy includes the following relevant provisions.[3]

**DEFINITIONS (IOWA AMENDATORY ENDORSEMENT)**
**8. "*Insured premises*"** means:
    a. insured farm locations and residence premises described in the Declarations.
    b. other land, including farm premises, the *insured* first acquires or newly leases during the policy period and uses for *farming*.
Under Section II, "insured premises" also means:
    a. the part of other premises acquired by you during the policy period which you intend to use as a *residence premises* or farm;
    b. the part of other premises, other structures, and grounds used by you as a residence and:
        (1) which is shown in the Declarations; or
        (2) which is acquired by you during the policy period for your use as a residence;
    c. any part of a premises:
        (1) not owned by an *insured*; and
        (2) where an *insured* is temporarily residing;
    d. vacant land (other than land held for development), owned by, rented to, or used by an *insured*, including land where a residence or farm structure is being built for the use of an *insured*;
    e. All access ways adjoining the *insured premises*;
    f. individual or family cemetery plots or burial vaults of an *insured*; or

---

[3] Emphasized language in the policy excerpts is found in the original and are terms defined in the policy.

g. any part of a premises occasionally rented to an *insured* for other than business or farming use.

**SECTION II—LIABILITY PROTECTION**
**COVERAGE G—FARMERS PERSONAL LIABILITY**

If a claim is made or a suit is brought against an *insured* for damages because of *bodily injury* or *property damage* caused by an *occurrence* to which this coverage applies, we will:

1. pay up to our limit of liability for the damages for which the *insured* is legally liable. "Damages" include prejudgment interest awarded against the *insured*.

2. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false, or fraudulent. We may investigate any *occurrence* and settle any resulting claim or suit at our discretion. OUR DUTY TO SETTLE OR DEFEND ENDS WHEN THE AMOUNT WE PAY FOR DAMAGES REULTING FROM THE *OCCURRENCE* EQUALS OUR LIMIT OF LIABILITY.

**SECTION II—EXCLUSIONS**
**1. Coverage[ ] G—Farmers Personal Liability . . . do[es] not apply to bodily injury or property damage:**
. . . .
b. arising out of *business* pursuits of an *insured* or the rental or holding for rental of any part of any premises by an *insured.*
. . . .
d. arising out of a premises or *farming* operations from a premises:
(1) owned by an *insured*;
(2) rented to an *insured*; or
(3) rented to others by an *insured*;
that is not an *insured premises*.

## III. Standard of Review

"We review a district court's summary judgment ruling that interprets an insurance policy for correction of errors at law." *Just v. Farmers Auto. Ins. Ass'n*, 877 N.W.2d 467, 471 (Iowa 2016) (citation omitted). "A grant of summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id.* "Generally, interpretation of an insurance policy is a question of law." *Id.*

**IV. Analysis**

It was the Blacks' burden to prove the land was covered by the insurance policy. *See Salem United Methodist Church v. Church Mut. Ins. Co.*, No 16-0170, 2017 WL 512494, at *1 (Iowa Ct. App. Feb. 8, 2017). The woodpile land is not part of the property at the address listed as "Insured farm locations and residence premises" on the policy. The Blacks assert the woodpile land was covered by the policy for liability protection purposes under the "vacant land" alternative definition of "insured premises." They claim "a reading of the entire liability policy, including its endorsements, establishes unambiguously that th[e] vacant land owned by an insured is an additional part of the 'insured premises.'" Under their interpretation, the fire arose from an insured premises and the Tenants' damage is covered under the policy for the insured property.

The district court based its decision on the policy provision excluding property damage arising out of a premises "that is not an *insured premises*," finding land on the west side of the road was not covered under the policy for the insured property. In its statement of facts, the court's order notes, "The defendants have not pointed out any policy language that would expand the insured premises beyond the [forty] acres on the east side of 530th Avenue, at the address 26156 530th Avenue." The district court's ruling made no mention of the vacant land provision of the *insured premises* definition in its statement of facts or conclusions of law.

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). "When a district

court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Id.* "[A] proper rule 1.904(2) motion asks the district court to amend or enlarge either a ruling on a factual issue or a ruling on a legal issue raised in the context of an underlying factual issue based on the evidence in the record." *Homan v. Branstad*, 887 N.W.2d 153, 161 (Iowa 2016). "Nonetheless, when a party has presented an issue, claim, or legal theory and the district court has failed to rule on it, a rule 1.904(2) motion is [the] proper means by which to preserve error and request a ruling from the district court." *Id.*

A finding of the applicability of the vacant-land provision to the woodpile land is a predicate to the Blacks' claim to coverage under their Secura insurance policy. The record fails to show the district court considered the vacant-land provision in its ruling. The Blacks did not file a motion for the court to reconsider, enlarge, or amend its order to address the vacant-land provision and attendant insurance coverage. Accordingly, the issue is not preserved for our review. *See Meier*, 641 N.W.2d at 541.

**AFFIRMED.**